# EXHBIT A



**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**CIVIL BRANCH**
DIVISION 4
CIVIL ACTION NO. 18-CI-2093

**FRED MULLINS**                                                                                   **PLAINTIFF**

**VS.**                                    **COMPLAINT AND**
                                           **DEMAND FOR JURY TRIAL**

**HOME DEPOT U.S.A., INC.**                                                        **DEFENDANTS**
**2455 Paces Ferry Road**
**Atlanta, GA 30339**

    **Serve by Certified Mail:**
        **Corporation Service Company**
        **421 West Main Street**
        **Frankfort, KY 40601**

**AND**

**UNKNOWN DEFENDANT**

    **Serve by Warning Order Attorney**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Comes the Plaintiff, Fred Mullins, by counsel, and for his Complaint against the Defendants, Home Depot U.S.A., Inc. and the Unknown Defendant, states and alleges as follows:

1. At all times pertinent herein, the Plaintiff, Fred Mullins, was a resident of Lexington, Fayette County, Kentucky.

2. At all times pertinent herein, the Defendant, Home Depot, U.S.A., Inc., was and is doing business in and deriving economic benefit from the Commonwealth of Kentucky, with the power to sue and be sued and subject to the jurisdiction of this Court. The agent for service of process for the Defendant, Home Depot U.S.A., Inc., is

1

Corporation Service Company, who may be served by certified mail at 421 West Main Street; Frankfort, KY 40601.

3. Upon information and belief, the Unknown Defendant is believed to be an employee and/or agent of Defendant, Home Depot U.S.A., Inc., and is to be served by appointment of a Warning Order attorney (Warning Order Affidavit attached).

4. At all times relevant hereto, the Defendant, Home Depot U.S.A., Inc., owned, operated and/or supervised a retail business, open to and inviting business from the public, located at 2021 Harrodsburg Road, Lexington, Fayette County, Kentucky 40504.

5. At all the times relevant hereto, the Defendant, Home Depot U.S.A., Inc., whether by and through its agents, ostensible agents, servants, employees and/or representatives, had a duty to maintain and keep its retail store located at 2021 Harrodsburg Road, Lexington, Kentucky 40504, and said premises in a safe condition for business invitees, including Plaintiff, and including a duty to inspect and warn of hidden dangers.

6. The Defendant, Home Depot U.S.A., Inc., whether by and through its agents, ostensible agents, servants, employees and/or other representatives, breached their duty to maintain and keep its retail store located at 2021 Harrodsburg Road, Lexington, Kentucky 40504, and said premises in a safe condition for business invitees, including Plaintiff, and its duty to inspect and warn of hidden dangers.

7. On or about June 12, 2017, as a direct and proximate result of negligent acts and/or omissions of the Defendant, Home Depot U.S.A., Inc., whether by and through its agents, ostensible agents, servants, employees and/or other representatives, the Plaintiff, Fred Mullins, while exercising due care for his safety, tripped and fell while

lawfully and properly a customer and business invitee in the Defendant, Home Depot U.S.A., Inc.'s, retail store located at 2021 Harrodsburg Road, Lexington, Fayette County, Kentucky 40504.

8. On or about June 12, 2017, as a direct and proximate result of negligent acts and/or omissions of the Unknown Defendant, the Plaintiff, Fred Mullins, while exercising due care for his safety, tripped and fell while lawfully and properly a customer and business invitee in the Defendant, Home Depot U.S.A., Inc.'s, retail store located at 2021 Harrodsburg Road, Lexington, Fayette County, Kentucky 40504.

9. That, as a direct and proximate result of the negligent acts and/or omissions of the Defendant, Home Depot U.S.A., Inc., which are complained of in this Complaint, the Plaintiff, Fred Mullins, was caused to sustain permanent physical and mental injuries; that it was necessary that he secure the services of physicians and incur medical expenses; that he will be required to incur necessary medical expenses in the future; that he was caused to sustain physical and mental pain and suffering; and that he will incur both physical and mental pain and suffering in the future. He was also caused to incur loss of wages to date and will incur loss of wages in the future. Said injuries have impaired Fred Mullins' ability to earn money in the future and have caused him a diminished quality of life.

10. That, as a direct and proximate result of the negligent acts and/or omissions of the Unknown Defendant, which are complained of in this Complaint, the Plaintiff, Fred Mullins, was caused to sustain permanent physical and mental injuries; that it was necessary that he secure the services of physicians and incur medical expenses; that he will be required to incur necessary medical expenses in the future; that he was

caused to sustain physical and mental pain and suffering; and that he will incur both physical and mental pain and suffering in the future. He was also caused to incur loss of wages to date and will incur loss of wages in the future. Said injuries have impaired Fred Mullins' ability to earn money in the future and have caused him a diminished quality of life.

11. Defendant, Home Depot U.S.A, Inc. failed to exercise ordinary care in hiring the Unknown Defendant resulting in injury to Plaintiff.

12. Defendant, Home Depot U.S.A., Inc., negligently failed to properly train and/or supervise the Unknown Defendant resulting in injury to Plaintiff.

13. Under the doctrine of *respondeat superior*, Defendant, Home Depot U.S.A., Inc., is vicariously liable for all negligent acts and/or omissions of its employee and/or agent, Unknown Defendant.

14. The Plaintiff's damages are in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court, and further, the Plaintiff is entitled to recover an amount in damages that is fair and reasonable as established by the evidence.

**WHEREFORE**, the Plaintiff, Fred Mullins, respectfully demands judgment against the Defendants, Home Depot U.S.A., Inc. and the Unknown Defendant, as follows:

1. For an amount of compensatory damages that is fair and reasonable as established by the evidence;

2. For prejudgment interest from the date of the Plaintiff's injuries until such time as the judgment is paid;

3. For a trial by jury;

4

4.  For the Plaintiff's costs herein expended; and

5.  For any and all other relief to which the Plaintiff may appear properly entitled.

                                              HON. KAREN WALKER
                                              WALKER LAW OFFICE, PLLC
                                              106 WEST SECOND STREET
                                              LEXINGTON, KENTUCKY 40507
                                              TELEPHONE: (859) 252-0250
                                              FACSIMILE: (859) 252-1105

BY: *[signature]*
                                              HON. KAREN WALKER
                                              COUNSEL FOR PLAINTIFF